**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL MAURICIO VALENZUELA RARACENA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. ED CV 26-5305 FMO (AYP)<br><br>**ORDER RE: MOTION FOR PRELIMINARY INJUNCTION** |

Having reviewed and considered all the briefing filed with respect to Angel Mauricio Valenzuela Raracena's ("petitioner") Motion for a Preliminary Injunction (Dkt. 3, "PI Motion"), the court concludes as follows. On September 14, 2026, the court issued a briefing order directing respondents to file their opposition no later than September 16, 2026, at 10 a.m., with petitioner's reply due September 17, 2026, at 10:00 a.m. (See Dkt. 8, Court's Order of September 8, 2026). Respondents did not seek an extension of time. (See, generally, Dkt.) Instead, they filed their opposition nearly 14 hours after the court's deadline. (See Dkt. 11, Respondents' Opposition ("Opp.")). The court's deadlines are not mere suggestions that the government may choose to follow at its convenience. However, even considering the late filing, respondents do not meaningfully address or respond to petitioner's claims, including his claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). (See, generally, Dkt. 11, Opp.); see also Silva v. Noem, 2025 WL 3764074, *2 (C.D. Cal. 2025) (finding that arresting or detaining petitioner under

8 U.S.C. § 1226(a) at his I-485 adjustment of status interview would violate the APA). The court admonished respondents that "[f]ailure to address each argument/claim raised in the PI Motion and/or Petition may be treated as respondents conceding the merits of petitioner's argument/claim and/or that petitioner is entitled to the relief sought." (See Dkt. 8, Court's Order of September 8, 2026). Accordingly, the court construes respondents' failure to address petitioner's claims as a concession. See, e.g., Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's PI Motion **(Document No. 3)** is **granted** as set forth in this Order.

2. Respondents shall release petitioner Angel Mauricio Valenzuela Raracena (A# 201-055-695) forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation. Respondents shall not impose any release conditions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

3. Respondents shall file with the court a Notice of Compliance within three (3) calendar days following the filing date of this Order.

4. Respondents shall not re-detain petitioner absent at least seven (7) days individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, and a pre-deprivation bond hearing before a neutral decisionmaker at which the government bears the burden of proving petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondent shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

5. The parties shall meet and confer no later than **September 29, 2026**, to discuss what, if anything, remains to be done with respect to the Petition (Dkt. 1).

6. Should the parties agree there is nothing further for the court to decide, they shall file a stipulation and proposed dismissal order no later than **October 5, 2026**.

7. If the parties disagree as to whether anything remains to be decided with respect to the Petition, then the parties shall file a joint status report. The status report shall, at a minimum, include the parties' positions on the following: (1) what issues remain for decision; (2) with respect to each issue, whether both parties intend to stand on briefing already filed, and if so, pointing the court to the specific docket entries and page numbers that provide the relevant briefing on each of the issues that remain; (3) if either party believes further briefing is necessary, proposing a schedule for such briefing and lodging a proposed briefing order; and (4) whether the parties agree to consent to the assigned Magistrate Judge for all purposes.[1] If mootness is one of the issues that remain for decision, the parties shall address the issue in the joint status report. The parties' joint status report shall be filed no later than **October 5, 2026**.

8. Failure to file a stipulation or a joint status report by the deadlines set forth above may be deemed as a concession that no further relief is available and that the action may be dismissed without prejudice.

Dated this 22nd day of September, 2026.

/s/
Fernando M. Olguin
United States District Judge

---

[1] If the parties consent to the assigned Magistrate Judge, they may file a Consent to Magistrate Judge (form CV-11D) in lieu of a joint status report by the above deadline.